# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KYLE AUBREY BELL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:96-CR-0127-JOF-GGB-2 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:13-CV-0742-JOF-GGB |

## OPINION AND ORDER

Movant, Kyle Aubrey Bell, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 416]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the court "must dismiss the motion." Rule 4, § 2255 Proceedings. The court has examined Movant's § 2255 motion and the record in this case and finds it plainly apparent that Movant is not entitled to relief for the reasons explained below.

## I. Background

Movant, Kyle Aubrey Bell, was convicted by a jury of two counts of robbery in violation of 18 U.S.C. §§ 1951 and 2; one count of possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of

possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced by this court on January 30, 1998, to a total of 348 months' imprisonment with 48 months on counts one and two for robbery to run concurrently with 60 months on the first gun count and 240 months on the second gun count. Movant was also sentenced to 36 months' supervised release and charged a $400 special assessment.

Movant filed a notice of appeal of his sentence on February 4, 1998. [Doc. 342]. On August 12, 1999, the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal for want of prosecution due to Movant's failure to make satisfactory financial arrangements for the transcript. [Docs. 348, 379 at 1]. On June 29, 2000, Movant filed a motion with this court to permit a late appeal. [Doc. 351]. In an Order dated October 30, 2000, this court denied that motion and instructed Movant that he would have to raise the issue with the Eleventh Circuit. [Doc. 352].

On July 11, 2001, Movant filed a § 2255 motion with this Court. [Doc. 355]. In an Order dated January 16, 2002, the court denied Movant's § 2255 motion as untimely. [Docs. 357, 379 at 2]. On March 15, 2007, Movant filed a second § 2255 motion, and the court denied the motion as successive and untimely on October 31, 2007. [Docs. 376, 379].

On February 15, 2013, Movant signed the instant motion, which the court construes as a third § 2255 motion. It was filed in this Court on March 7, 2013, and contains hundreds of pages of documents related to his case and his later incarceration. The documents do not

2

set forth with any clarity any particular claims Movant is raising at this time.[1] [Doc. 416].
For the reasons discussed below, the court finds this motion is also successive and must be
denied.

## II. Discussion

Movant's § 2255 motion is subject to dismissal because Movant has already filed, and this court has considered, a § 2255 motion challenging his conviction and sentence. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, Movant must now seek authorization from the Eleventh Circuit to file a successive § 2255 motion in this court. Because Movant has not obtained authorization, this court lacks jurisdiction to consider his motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

---

[1]The court does note that the documents reflect some difficultly that Movant and his family had with attorneys retained to represent him. As the court outlined in the procedural history above, the court instructed Movant to address to the United States Court of Appeals for the Eleventh Circuit on his request for an out-of-time appeal. It is not known to the court whether Movant did so. Furthermore, Movant refers to the lack of an eyewitness that would identify him as having committed one of the robberies. The court notes that Movant was convicted of two separate bank robberies and the jury had before it the testimony of a witness at one of the robberies that he could not identify Movant as one of the perpetrators. The jury, however, still reached a conviction on both robberies.

3

## III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of being denied a constitutional right. Movant's motion is successive, and he must seek authorization from the Eleventh Circuit in order for this court to consider it. Accordingly, the court also denies any certificate of appealability.

## IV. Conclusion

Based on the foregoing, the court **DISMISSES** Movant's § 2255 motion [Doc. 416] as successive. The court also DENIES a certificate of appealability.

Dated this 11th day of April, 2013.

                                            S/ J. Owen Forrester

AO 72A
(Rev.8/82)

J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)